# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JOSEPH ANTHONY LAYNE COLE,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  )<br>v.  )<br>  )<br>LT KEENER, ANGIE MARTIN,  )<br>and CODY BENGEL,  )<br>  )<br>  Defendants.  ) | No.  3:17-cv-00220<br>REEVES/GUYTON |

## MEMORANDUM OPINION

Pro se prisoner, Joseph Anthony Layne Cole ("Plaintiff") initiated this action on May 23, 2017 when he filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [Doc. 1]. On November 1, 2017, in compliance with the Prison Litigation Reform Act ("PLRA"), the Court screened Plaintiff's complaint and *sua sponte* dismissed those claims that were frivolous or malicious, failed to state a claim for relief, or were against a defendant who is immune [Doc. 5]. At that time, Plaintiff was ordered to complete service packets for the remaining defendants and to return those packets to the Clerk's Office [*Id*.]. The Court also noted that Plaintiff shall promptly notify the Court of any address changes within fourteen days of any such change [*Id*.]. Plaintiff was forewarned that failure to return the completed service packets or failure to update the Court with his current address within the time required could result in the dismissal of this action [*Id*.]. The Order was mailed to Plaintiff at the address listed on his complaint. However, the Order filed by this Court was returned as "Undeliverable" noting that Plaintiff is no longer at the facility [Doc. 6]. On December 15, 2017, this Court entered another Order, this time directing Plaintiff to show

cause within fourteen days as to why this case should not be dismissed for failure to prosecute and/or failure to follow the order of this Court [Doc. 7]. Plaintiff was advised that "failure to comply with the terms of this Order will result in dismissal of his case" [*Id.*]. On December 27, 2017, the Order was returned as "Undeliverable" and "Unable to forward" [Doc. 8].

More than fourteen days have passed and Plaintiff has not filed any response to the Court's Order. Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this action can be attributed to his own willfulness or fault because he failed to update his address and/or monitor this action as required by Local Rule 83.13. Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. *See*

E.D. Tenn. L.R. 83.13. Accordingly, the Court finds that the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal; since defendants have not yet been served, they have not been prejudiced by Plaintiff's inactions.

By contrast, the third factor clearly weighs in favor of dismissal, because the record reflects that the Court warned Plaintiff multiple times that the Court would dismiss this case if he failed to comply with the Court's Order [Doc. 5 p. 6, Doc. 7 p. 2].

Finally, the Court finds that alternative sanctions would not be effective. This Court previously granted Plaintiff's motion for leave to proceed *in forma pauperis* based on a review of his prisoner trust fund account statement [Doc. 4]. The financial data provided indicates that Plaintiff does not have the ability to pay a monetary fine. Nor does the Court believe that a dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, this action will be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**